Date signed January 23, 2014



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| EDWIN MICHAEL BURKHART | : | Case No. 12-26888PM |
| TERESA STEIN BURKHART | : | Chapter 13 |
| | : | |
| Debtors | : | |
| ------------------------------- | : | |
| EDWIN MICHAEL BURKHART | : | |
| TERESA STEIN BURKHART | : | |
| | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 13-00291PM |
| | : | |
| COMMUNITY BANK OF TRI-COUNTY | : | |
| PNC BANK, N.A. | : | |
| NANCY S. GRIGSBY, TRUSTEE | : | |
| | : | |
| Defendants | : | |
| ------------------------------- | : | |

**AMENDED
MEMORANDUM OF DECISION
ON AMENDED MOTION FOR DEFAULT JUDGMENT**

    Debtors moved for reconsideration of this court's Order on Debtors' Motion avoiding the lien on real property held by PNC Bank and taking no action with respect to the lien held by Community Bank of Tri-County ("Tri-County"). While neither Respondent filed an answer to the Motion, this failure has the effect of admitting all well pleaded facts, but it is not a confession of liability. *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780-81 (CA4 2001); *Haley v. Corcoran*, 2010 WL 4117267 (D. Md. 2010).

This court issued a Memorandum on October 28, 2013, stating its tentative opinion that inasmuch as Tri-County has not filed a proof of claim, under 11 U.S.C. § 502(a) it could not be said to have an allowed proof of claim. Thus, the Debtors could not avail themselves of 11 U.S.C. § 506 to avoid the lien securing Tri-County's claim. Because such a ruling differs from previous rulings in lien avoidance actions made by other judges in this district and myself, counsel for the Debtors was invited to file a supplemental memorandum in support of his position. Counsel did so on November 12, 2013.

The following sections of the Bankruptcy Code are pertinent:

**11 USC § 502 - Allowance of claims or interests**

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

**11 USC § 506 - Determination of secured status**

(a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The court adopts the reasoning set out in *White v. FIA Card Services, N.A.*, 494 B.R. 227, 230 (W.D. Va. 2012):

While not stating this point directly, the United States Court of Appeals for the

> Fourth Circuit has avoided specifying the type of claim necessary to invoke the exception, noting "Section 506(d) voids a lien that secures a claim against the debtor which is not an allowed secured claim, unless the claim is not treated as an allowed secured claim simply because the creditor has elected not to file a proof of claim." *Cen–Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995) (emphasis added); *see also In re Kressler*, 40 Fed. Appx. 712, 713 (3rd Cir. 2002) (unpublished opinion) ("In determining the secured status of a claim, the bankruptcy statute specifically exempts from being voided a claim that does not obtain "allowed secured" status solely because a creditor did not file proof of the claim.").
>
> Reading (d)(2) as applicable only when a creditor has failed to file either type of allowed proof of claim also makes sense in light of the purpose and legislative history of the subsection. A longstanding pre-Code rule allowed secured creditors to choose not to participate in a debtor's bankruptcy proceedings and still retain valid, enforceable liens once the debtor was discharged from bankruptcy. *See e.g., United States Nat'l Bank in Johnstown v. Chase Nat'l Bank of New York City*, 331 U.S. 28, 33, 67 S.Ct. 1041, 91 L.Ed. 1320 (1947); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 582-83, 55 S.Ct. 854, 79 L.Ed. 1593 (1935); *Long v. Bullard*, 117 U.S. 617, 620-21, 6 S.Ct. 917, 29 L.Ed. 1004 (1886). When the Bankruptcy Code was amended in 1978, it was unclear whether the principle remained good law. *In re Hamlett*, 322 F.3d 342, 347-48 (CA4 2003). In *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), the Supreme Court resolved a circuit split by holding that "[t]he pre-Code rule that liens on real property pass through bankruptcy unaffected" remained in effect.
>
> The survival of this rule comports with the legislative history of section 506(d)(2), which explains that the subsection was intended "to make clear the failure of the secured creditor to file a proof of claim is not a basis for avoiding the lien of the secured creditor." S. Rep. No. 65, 98th Cong., 1st Sess. 79 (1983). (Footnote omitted.) This explanation simply confirmed the long-standing rule that creditors could chose not to participate in bankruptcy proceedings without risking the loss of pre-existing liens.

*See*, *In re Brisco*, 486 B.R. 422, 427-28 (BC N.D. Ill. 2013).

Unlike PNC Bank, Tri-County did not file a proof of claim. Thus, because Tri-County does not have an allowed secured claim, its claim may not be evaluated under §506(a) and its lien avoided pursuant to §506(d).

The court finds no support for Debtors' argument that their case is supported by the Supreme Court's decision in *Dewsnup v. Timm*, 502 U.S. 410 (1999), as that case involved a case under Chapter 7, where the debtor sought to "strip down" a lien.

On the other hand, the court suggests serious consideration of the Committee Note to the May 13, 2013, Preliminary draft of the Official Chapter 13 Plan, Official Form 113 issued with

the proposed amendments to the Federal Rules of Bankruptcy Procedure by the Advisory Committee on Bankruptcy Rules of the Judicial Conference of the United States. The Committee Note states in its description of the proposed plan form:

> "Part 3. This part provides for the treatment of secured claims.
>
> *In § 3.2 the plan may propose to determine under Code § 506(a) the value of a secured claim for which a proof of claim has been filed.* For example, the plan could seek to reduce the secured portion of a creditor's claim to the value of the collateral securing it. For the secured claim of a nongovernmental creditor, that determination would be binding upon confirmation of the plan. For the secured claim of a governmental unit, however, a contrary valuation listed on the creditor's proof of claim, unless contested by objection or motion, would control over the valuation given in the plan. See Bankruptcy Rule 3012. *Although § 3.2 applies to secured claims for which a proof of claim has been filed in accordance with Bankruptcy rule 3002, that rule contemplates that a debtor, the trustee, or another entity may file a proof of claim if the creditor does not do so in a timely manner. See Bankruptcy Rules 3004 and 3005. Section 3.2 will not be effective unless the appropriate check box in Part 1 is selected.*" (Italics added.) [Italicize the first sentence and the last two.]

In the absence of an allowed claim filed by ~~Tri-County, the court may not enter an order that would avoid its lien~~. <u>either the Debtor or</u> Tri-County, the court may not enter an order that would avoid Tri-County's lien. An order will be entered in accordance with the foregoing.

cc:    Plaintiffs
      Plaintiffs' Counsel
      William J. Passinelli, President, Community Bank of Tri-County
      Chapter 13 Trustee

**End of Memorandum**